**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Ray Crowell, | No. CV 97-00913 PHX NVW (LOA) |
| Petitioner, | **ORDER** |
| v. | |
| Joel Knowles, et al., | |
| Respondents. | |

This order addresses whether Petitioner, who was sentenced to life in prison and now seeks federal habeas relief pursuant to 28 U.S.C. § 2254, failed to exhaust state remedies under 28 U.S.C. § 2254(c) by neglecting to file a timely petition for collateral review with the Arizona Supreme Court.

**I.   Background**

Petitioner was convicted in the Arizona Superior Court, Maricopa County, of kidnaping and sexual conduct with a minor and sentenced to two consecutive life terms without possibility of parole until he serves 35 years on each count of conviction. In post-conviction relief proceedings under Arizona Rule of Criminal Procedure 32, Petitioner failed to file a timely petition for review with the Arizona Supreme Court after the Court of Appeals denied review. He alleges that the petition was not timely filed because appellate counsel indicated that the petition was unnecessary for exhaustion.

On November 7, 2006, Magistrate Judge Lawrence O. Anderson issued a Report and

1  Recommendation ("R&R") (Doc. # 66) regarding Petitioner's Amended Petition for Writ of
2  Habeas Corpus (Doc. # 9).  The R&R recommends that the Amended Petition be dismissed
3  for failure to exhaust available state court remedies that are procedurally defaulted and
4  alternatively that the Amended Petition be denied on the merits.  For the reasons stated
5  below, the court rejects the R&R to the extent it recommends dismissal for failure to exhaust
6  and accepts the R&R to the extent it recommends denial of the petition on its merits.  *See* 28
7  U.S.C. § 636(b)(1) (providing that a district judge "may accept, reject, or modify, in whole
8  or in part, the findings or recommendations made by the magistrate").

**II.  A Federal Habeas Petitioner Sentenced to Life in Prison Need Not Petition for Discretionary Review by the Arizona Supreme Court to Exhaust Under 28 U.S.C. § 2254(c)**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The prisoner "shall not be deemed to have exhausted . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c). Stated in the affirmative, proper exhaustion requires the prisoner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The invocation of a "complete round" includes the filing of a "petition[] for discretionary review when that review is part of the ordinary appellate review procedure in the State."  *Id.* at 847.  State prisoners may skip a procedure occasionally employed by a state's courts to provide relief only if a state law or rule precludes use of the procedure, *id.* at 848, or the "State has identified the procedure as outside the standard review process and has plainly said that it need not be sought for the purpose of exhaustion," *id.* at 850 (Souter, J., concurring).  *See also Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

Because Petitioner did not timely seek discretionary review with the Arizona Supreme Court, the issue of whether he properly exhausted hinges on whether he could forego that procedure en route to filing his federal habeas petition.  Discretionary review was formally available within the meaning of 28 U.S.C. § 2254(c) because it was not

categorically precluded by a state law or rule as to Petitioner's claims. *See* Ariz. R. Crim. P. 32.9; *Swoopes*, 196 F.3d at 1010 (finding discretionary review before the Arizona Supreme Court not precluded for a defendant convicted of armed robbery, kidnaping, burglary, and sexual assault). Thus, in order for Petitioner to have exhausted, Arizona must have identified discretionary review as "outside the standard review process" as to this case and "plainly said that it need not be sought for the purpose of exhaustion." *O'Sullivan*, 526 U.S. at 850.[1]

Reviewing Arizona law, the court finds that the State has plainly removed discretionary supreme court review from the standard review process for individuals sentenced to life in prison, and that Petitioner therefore exhausted even though he did not timely utilize that procedure. Contrary language in prior cases is both dictum and erroneous in its description of relevant Arizona statutes.

### A. Arizona Law no Longer Provides for a Right to State Supreme Court Review in Cases Carrying Life Sentences

The starting point for the exhaustion analysis is *State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984), a case that directly addressed a question of professional responsibility but also created the initial analytical framework under which Arizona addressed exhaustion for the purpose of federal habeas. Shattuck was convicted of two counts of sexual conduct with a minor and sentenced to approximately twelve years in prison. On appeal, defense counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), explaining in part that he wished to withdraw because his conscientious investigation of the trial record did not reveal a meritorious basis for appeal. After the appellate court affirmed the conviction, the defendant requested that his counsel also petition the Arizona Supreme Court for review. Counsel complied with the request, but supplemented the petition by querying whether he had a professional duty to

---

[1] For a general discussion of the cases addressing this issue with respect to Arizona, see Kirk J. Henderson, *Thanks, but No Thanks: State Supreme Courts' Attempts to Remove Themselves from the Federal Habeas Exhaustion Requirement*, 51 Case W. Res. L. Rev. 201, 207-12 (2000).

1   file the petition despite his belief that his client's claims lacked merit.  The Arizona
2   Supreme Court answered that he did not.  Relying on Arizona Revised Statutes §§ 12-
3   120.21(A)(1) and 13-4031 (1974), it explained that "there is no right of appeal to the
4   state's highest court except in cases in which a life sentence or the death penalty is
5   imposed."  *Shattuck*, 140 Ariz. at 584, 684 P.2d at 156.  Because Shattuck received a
6   lesser sentence, he had no right to review by the Arizona Supreme Court.  *Id.* at 585, 684
7   P.2d at 157.  The absence of that right, together with defense counsel's inability to find an
8   arguable error, in turn absolved counsel of any professional obligation to seek further
9   review.  *Id.* at 584-85, 684 P.2d at 156-57.  The court indicated in reaching this decision
10  that it "do[es] not invite" petitions for review "in *Anders* type cases" when it is not
11  statutorily required because the "time available to prosecutors, defenders, judicial staff
12  and judges must be devoted to issues of substance" rather than "trivia or issues of small
13  merit."  *Id.* at 585, 684 P.2d at 157.
14       At the time *Shattuck* was decided, A.R.S. § 12-120.21(A)(1) provided that the
15  Arizona Court of Appeals "shall have [a]ppellate jurisdiction in all actions and
16  proceedings originating in or permitted by law to be appealed from the superior court,
17  except criminal actions involving crimes for which a sentence of death or life
18  imprisonment has actually been imposed."  Section 13-4031 in turn provided as follows:

> The state, or any party to a prosecution by indictment,
> information or complaint, may appeal as prescribed by law
> and in the manner provided by the rules of criminal
> procedure, except criminal actions involving crimes for which
> a sentence of death or life imprisonment has actually been
> imposed may only be appealed to the supreme court.

From these statutes it was apparent that appellate jurisdiction rested exclusively with the State Supreme Court in cases carrying a sentence of death or life in prison.  In April 1989, however, A.R.S. § 12-120.21(A)(1) and § 13-4031 were amended to omit the phrase, "or life imprisonment."  The effect of this change was to give the Arizona Court of Appeals jurisdiction over criminal convictions carrying life sentences and eliminate the Supreme

1  Court's exclusive and mandatory jurisdiction.[2]

2  The Arizona Court of Appeals initially confused the pre-1989 language of A.R.S.
3  § 12-120.21(A)(1) with the amended statutory language in *State v. Poli*, 161 Ariz. 151,
4  153, 776 P.2d 1077, 1079 (Ct. App. July 18, 1989). There, an attorney twice convicted of
5  a speeding violation was turned away from the Court of Appeals for lack of jurisdiction
6  under A.R.S. § 12-120.21(A)(1). In an apparently unintentional reference to the old
7  version of the statute, it was explained that the jurisdiction of the Court of Appeals
8  extends to actions "'originating in or permitted by law to be appealed from the superior
9  court, except criminal actions involving crimes for which a sentence of death or life
10 imprisonment has actually been imposed.'" *Id.*

11 Soon after *Poli*, however, the Arizona Supreme Court recognized the statutory
12 amendments in *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (July 20, 1989), a case
13 addressing whether a defendant convicted of introducing firearms into a state prison had
14 failed to exhaust under 28 U.S.C. § 2254 by neglecting to seek discretionary review of his
15 claims. *Sandon* extended the reasoning of *Shattuck* by holding that "[o]nce the defendant
16 has been given the appeal to which he has a right," "the case in the Arizona courts is
17 over" not only for the purpose of counsel's professional obligations, but also for federal

---

[2] Significantly, *Shattuck* did not cite any authority that remains relevant after the amendment of sections 12-120.21(A)(1) and 13-4031. *See Shattuck*, 140 Ariz. at 584, 684 P.2d at 156. The cited authorities were either cases relying on the pre-1989 versions of the amended statutes or Arizona Rules of Criminal Procedure not concerned with appeals of convictions carrying life sentences. *See State v. Richmond*, 114 Ariz. 186, 196, 560 P.2d 41, 51 (1976) (citing the predecessor to A.R.S. § 13-4031, which established exclusive appellate jurisdiction for the Arizona Supreme Court in "criminal actions involving crimes punishable by . . . life imprisonment"), *overruled on other grounds*, *State v. Salazar*, 173 Ariz. 399, 416, 844 P.2d 566, 583 (1992); *State v. Cuzick*, 5 Ariz. App. 498, 500, 428 P.2d 443, 445 (1967) (citing A.R.S. § 12-120.21(A)(1) (1974) and *State v. Mileham*, 1 Ariz. App. 67, 399 P.2d 688 (1965), which relied on the old statutes); Ariz. R. Crim. P. 26.15 (addressing appeals exclusively in cases involving the death penalty); Ariz. R. Crim. P. 31.2 (providing procedures for automatic appeal to the Arizona Supreme Court in death penalty cases). The result is that the 1989 amendments to sections 12-120.21(A)(1) and 13-4031 entirely undermined the basis for citing *Shattuck* for the proposition that criminal defendants have a right to appeal to the Arizona Supreme Court in cases carrying a life sentence.

habeas. *Id.* at 158, 777 P.2d at 221. Because the defendant had no right to appeal to the State Supreme Court in light of his sentence, it was held that he properly exhausted under 28 U.S.C. § 2254 without seeking discretionary review. *Id.*, 777 P.2d at 221. Dictum in *Sandon* referred to the old language of sections 12-120.21(A)(1) and 13-4031, but also noted that the 1989 amendments to the statutes shifted appellate jurisdiction from the Arizona Supreme Court to the Court of Appeals for cases of life imprisonment. *Id.* at 158 n.1, 777 P.2d at 221 n.1. The obvious meaning of *Sandon*'s reference to the amendments was that exhaustion in cases carrying life sentences is no different than exhaustion in any other non-capital case.

Despite *Sandon*'s reference to the changed law for life sentences after 1989, the Ninth Circuit and other courts have continued in dictum to reference the old language of A.R.S. §§ 12-120.21(A)(1) and 13-4031 as the operative authority. This trend began with *Swoopes v. Sublett*, 196 F.3d 1008, 1009 (9th Cir. 1999), which held that a petitioner who received multiple sentences totaling 42 years in prison exhausted state remedies without seeking Arizona Supreme Court review.[3] Although sentences of less than life in prison had been imposed, *Swoopes* broadly stated that "Arizona state prisoners need not appeal an Arizona Court of Appeals' denial of post-conviction relief to the Arizona Supreme Court in order to exhaust their state remedies for federal habeas corpus purposes, except in capital cases or cases involving the imposition of a life sentence." *Id.* at 1008. In support of this conclusion, the *Swoopes* court included undated citations to A.R.S. §§ 120.21(A)(1), 12-120.24, and 13-4031, in addition to citations to Arizona Rule of Criminal Procedure 31, *Shattuck*, *Sandon*, and *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). *See* 196 F.3d at 1009-10. However, none of those authorities–either at

---

[3] *Swoopes* itself does not reveal the extent of the sentence imposed. However, the length of the sentence is apparent from state court proceedings and submissions to the district court. *See State v. Swoopes*, 155 Ariz. 432, 434, 747 P.2d 593, 595 (Ct. App. 1987); *Swoopes v. Sublett*, No. 93-CV-00471-TUC-DCB (D. Ariz. Oct. 7, 1993) (Doc. # 8, Appendices Vol. II, R.T. Mar. 27, 1986, at 187).

- 6 -

1  the time of *Swoopes* or now–support the proposition that Arizona Supreme Court review
2  remains part of the standard review process necessary for exhaustion in cases carrying *life*
3  *sentences*. To the extent the cited authorities mention life imprisonment, it is only in
4  reference to the antiquated versions of A.R.S. §§ 12-120.21(A)(1) and 13-4031.

5        The dictum in *Swoopes* was nevertheless repeated in dictum in *Castillo v.*
6  *McFadden*, 399 F.3d 993 (9th Cir. 2004), a case addressing whether a petitioner
7  sentenced to 27 years in prison had failed to exhaust by neglecting to fairly present his
8  claims to the state courts. Citing *Swoopes*, it was stated, "In cases not carrying a life
9  sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for
10 purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" 399
11 F.3d at 998 n.3. *Castillo* therefore examined the petitioner's brief to the Court of
12 Appeals, rather than his petition for review to the Arizona Supreme Court, to determine
13 whether he had properly exhausted. *Id.*

14       The dictum in *Swoopes* was also repeated in a series of district court cases.[4] Only

---

[4] *See Saiers v. Schriro*, 2007 U.S. Dist. LEXIS 9350, at *7-8, 12-13, 2007 WL 473682, at *3, 5 (D. Ariz. Feb. 8, 2007) (involving a petitioner sentenced to 59 years in prison); *Stern v. Schriro*, 2007 U.S. Dist. LEXIS 5504, at *13, 16, 2007 WL 201235, at *5-6 (D. Ariz. Jan. 22, 2007) (involving a petitioner sentenced to life in prison); *Moyaert v. Steames*, 2006 U.S. Dist. LEXIS 93729, at *3, 7, 2006 WL 3808080, at *1-2 (D. Ariz. Dec. 20, 2006) (4.5-year sentence); *Batista de la Paz v. Elliott*, 2006 U.S. Dist. LEXIS 82734, at *4, 6, 2006 WL 3292474, at *1-2 (D. Ariz. Nov. 9, 2006) (6-year sentence); *Alston v. Schriro*, 2006 U.S. Dist. LEXIS 79926, at *2, 17, 2006 WL 3147650, at *1, 5 (D. Ariz. Oct. 31, 2006) (10-year sentence); *Hurley v. Gaspar*, 2006 U.S. Dist. LEXIS 64008, at *9, 31, 2006 WL 2460918, at *2, 4 (D. Ariz. June 20, 2006) (17-year sentence); *Tindall v. Schriro*, 2006 U.S. Dist. LEXIS 60909, at *3, 10, 2006 WL 2361721, at *1, 6 (D. Ariz. June 5, 2006) (20-year sentence); *Lange v. Frigo*, 2006 U.S. Dist. LEXIS 44984, at *2, 14, 2006 WL 1735270, at *1, 5 (D. Ariz. May 1, 2006) (26-year sentence); *Casner v. Gaspar*, 2006 U.S. Dist. LEXIS 10075, at *4, 16 (D. Ariz. Jan. 31, 2006) (same) (not reported in Westlaw); *Benson v. Haynes*, 2005 U.S. Dist. LEXIS 27197, at *1, 4, 2005 WL 2978604, at *1-2 (D. Ariz. Oct. 13, 2005) (10-year sentence); *Alvarez v. Schriro*, 2005 U.S. Dist. LEXIS 35319, at *2, 12-13, 2005 WL 3501409, at *1, 4 (D. Ariz. Dec. 20, 2005) (22-year sentence); *Lucero v. Savage*, 2005 U.S. Dist. LEXIS 40536, at *2, 10 (D. Ariz. Dec. 7, 2005) (sentence of 20 years plus life) (not reported in Westlaw); *Greer v. Schriro*, 2005 U.S. Dist. LEXIS 38889, at *2, 10 (D. Ariz. Nov. 16, 2005) (12-year sentence) (not reported in Westlaw); *Lopez v.*

two of these actually involved a petitioner who received a life sentence: *Stern v. Schriro*, 2007 U.S. Dist. LEXIS 5504, 2007 WL 201235 (D. Ariz. Jan. 22, 2007), and *Lucero v. Savage*, 2005 U.S. Dist. LEXIS 40536, 2005 WL 335838 (D. Ariz. Dec. 7, 2005). Citing *Swoopes*, *Stern* held that the petitioner failed to exhaust because he had received a life sentence and neglected to raise his claims in a petition for review with the Arizona Supreme Court. 2007 U.S. Dist. LEXIS 5504, at *13, 16, 2007 WL 201235, at *5-6. *Lucero* also cited the *Swoopes* dictum, but did not reach the issue of whether a petition for Arizona Supreme Court review is necessary for exhaustion because the petitioner had failed to seek even intermediate appellate review. 2005 U.S. Dist. LEXIS 40536, at *15-16, 2005 WL 335838, at *1, 4.

The cases thus present a tale of zombie precedent. A rule definitively extinguished by statutory amendment in 1989 continues to prowl, repeatedly re-animated by mistaken citation and dicta. None of the cases except *Sandon* recognized that the sole basis of the rule requiring Arizona Supreme Court review for exhaustion in cases of life imprisonment ceased to exist when sections 12-120.21(A)(1) and 13-4031 were amended. What *Swoopes* should have identified as an outdated reference to the old statutes was thus repeated in *Castillo*, only to be repeated again and again in district court cases. The reason the mistakes were never noticed is that the effect of the 1989 amendments never mattered in any of the cases except for *Stern*.

Now confronted with circumstances in which the statutory amendments actually matter, this court is not bound to further animate the dead rule. *See FDIC v. McSweeney*, 976 F.2d 532, 535 (9th Cir. 1992) ("Judicial assumptions concerning . . . issues that are

---

*Schriro*, 2005 U.S. Dist. LEXIS 28060, at *1, 3, 2005 WL 3005603, at *1 (D. Ariz. Nov. 8, 2005) (5-year sentence); *Woods v. Schriro*, 2005 U.S. Dist. LEXIS 38984, at *4, 9 (D. Ariz. Oct. 21, 2005) (36-year sentence) (not reported in Westlaw); *Benson v. Haynes*, 2005 U.S. Dist. LEXIS 27197, at *1, 4, 2005 WL 2978604, at *1-2 (D. Ariz. Oct. 13, 2005) (10-year sentence); *Ross v. Schriro*, 2005 U.S. Dist. LEXIS 35314, at *2, 13 (D. Ariz. Aug. 18, 2005) (13.25-year sentence) (not reported in Westlaw); *McCoy v. Stewart*, 2001 U.S. Dist. LEXIS 23689, at *3, 9 (D. Ariz. Apr. 4, 2001) (15-year sentence) (not reported in Westlaw).

- 8 -

1  not contested are not holdings."); Pierre N. Leval, *Judging Under the Constitution: Dicta
2  About Dicta*, 81 N.Y.U. L. Rev. 1249, 1259-63 (2006) (discussing the constitutional and
3  practical importance of distinguishing between a dictum and a holding).  Since 1989, the
4  Arizona Supreme Court has not had exclusive appellate jurisdiction over cases carrying
5  life sentences, and petitioners who have received a life sentence have not had a right to
6  State Supreme Court review.  The chain of dicta in *Poli*, *Swoopes*, *Castillo*, and the
7  ensuing line of district court cases does not compel a different conclusion.

8      In reaching this decision, the court respectfully disagrees with the holding in *Stern*.
9  *Stern* does not reveal an awareness that *Swoopes* lacked an occasion to consider
10 exhaustion requirements for individuals sentenced to life in prison.  *See* 2007 U.S. Dist.
11 LEXIS 5504, at *13, 16, 2007 WL 201235, at *5-6.  Like *Swoopes* itself, *Stern* also
12 neglects to acknowledge the 1989 amendments to sections 12-120.21(A)(1) and 13-4031.
13 *Id.*  Given those amendments, there is no authoritative basis for concluding that a
14 petitioner who has received a life sentence has a right to State Supreme Court review, or
15 that such review is now "available" for the purpose of 28 U.S.C. § 2254(c).

16     **B.**     **Arizona Has Plainly Removed Arizona Supreme Court Review From
17 the Exhaustion Requirements for Individuals Sentenced to Life in Prison**

18     Concluding that the language on life sentences in *Swoopes* and its progeny is
19 dictum does not end the analysis.  The direct result of that observation is that the current
20 language of A.R.S. §§ 12-120.21(A)(1) and 13-4031 governs, rather than the pre-1989
21 statutes, and in turn that Petitioner has no right to review by the Arizona Supreme Court.
22 *O'Sullivan* held that exhaustion hinges not on whether a petitioner has a right to high-
23 court review, but instead on whether the petitioner has a right to raise claims for possible
24 review.  526 U.S. at 845.  Petitioner may exhaust without seeking discretionary review
25 only if Arizona has identified such review as "outside the standard review process"
26 through a "plain[]" statement that it "need not be sought for the purpose of exhaustion."
27 *Id.* at 845, 850 (Souter, J., concurring).

28     Several cases have illustrated the meaning of the *O'Sullivan* standard.  In

- 9 -

1  *Lambert v. Blackwell*, 387 F.3d 210 (3d Cir. 2004), the Third Circuit held that a petitioner
2  who neglected to seek Pennsylvania Supreme Court review prior to filing his federal
3  habeas petition had exhausted because a general order issued by that court rendered
4  review "unavailable" under 28 U.S.C. § 2254(c). In relevant part, the Pennsylvania
5  Supreme Court's order stated:

> [W]e hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error. When a claim has been denied relief in a final order, the litigant shall be deemed to have exhausted all available state remedies for purposes of federal habeas corpus relief.

387 F.3d at 233 (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000)). This language made state supreme court review unnecessary for exhaustion under *O'Sullivan* by plainly removing it "from the 'normal' and 'established' appellate review procedure in Pennsylvania." *Id.* at 233.

*Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003), similarly held that the following language from a rule promulgated by the Tennessee Supreme Court made review before that court unnecessary for exhaustion:

> In all appeals from criminal convictions or post-conviction relief matters . . . a litigant shall not be required to petition for rehearing or to file an application for permission to appeal to the Supreme Court of Tennessee following an adverse decision of the Court of Criminal Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Criminal Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim.

330 F.3d at 401 (quoting Tenn. Sup. Ct. R. 39 (2001)). *Holland* explained that although the cited language did not prohibit litigants from appealing to the Tennessee Supreme Court for review, it nevertheless rendered the procedure "unavailable" by plainly removing it from the "normal course of review for criminal appeals." *Id.* at 402-03.

- 10 -

Further illuminating the contours of the rule, Justice Souter's concurrence in *O'Sullivan* identified the following language from the Supreme Court of South Carolina as withdrawing a petition for review from the requirements of 28 U.S.C. § 2254(c):

> [I]n all appeals from criminal convictions or postconviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

526 U.S. at 849 (Souter, J., concurring) (quoting *In re Exhaustion of State Remedies in Criminal and Postconviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990)). *See also Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (holding that a petition for review by the Nebraska Supreme Court is necessary for exhaustion because "[n]othing in Nebraska law plainly states that [the] petition . . . is an extraordinary remedy outside the standard review process"); *Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002) (holding that Missouri Supreme Court review is unnecessary for exhaustion in light of a rule stating, "Transfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review."); *Rodriguez v. Scillia*, 193 F.3d 913 (7th Cir. 1999) (holding that a petition for review is necessary for exhaustion in Illinois).

This authority is consistent with the conclusion that Arizona has plainly removed discretionary State Supreme Court review from the standard review process for cases carrying life sentences, and that Petitioner therefore exhausted without timely seeking such review. *Sandon* held unequivocally that "[o]nce the defendant has been given the appeal to which he has a right, state remedies have been exhausted" and "the case in the Arizona courts is over." 161 Ariz. at 158, 777 P.2d at 221. *Sandon* was also careful to note the 1989 amendments when summarizing the State Supreme Court's previous and current statutory jurisdiction. *See id.* at 158 n.1, 777 P.2d at 221 n.1. In light of *Sandon's* holding and description of the 1989 amendments, it is readily apparent that Arizona

- 11 -

1 considers petitions for review to be "unavailable" and thus unnecessary for exhaustion in
2 cases carrying life sentences. While *Sandon* does not use the precise language that
3 proved sufficient in *Lambert*, *Holland*, and *Kemna*, it is comparably plain in its meaning.
4 *O'Sullivan* does not require magic words.

5      *O'Sullivan*'s rejection of the same reasoning that the Arizona Supreme Court
6 invoked in *Sandon* does not change the analysis. *See* 526 U.S. at 845 (explaining that
7 even if a petitioner does not have a right to *obtain* review, review must be sought for
8 exhaustion if the petitioner has a right to *raise* claims for possible review). A state need
9 only make a plain statement removing a procedure from habeas exhaustion requirements
10 under *O'Sullivan*. 526 U.S. at 850 (Souter, J., concurring). The reasoning by which the
11 state removes the procedure is unimportant.

12      The conclusion that Petitioner exhausted also finds support in *Swoopes*. Applying
13 *O'Sullivan*, *Swoopes* held that "Arizona has declared that its 'complete round' [of
14 appellate review] does not include discretionary review before the Arizona Supreme
15 Court." 196 F.3d at 1010 (overruling *Jennison v. Goldsmith*, 940 F.2d 1308 (9th Cir.
16 1991)). Though *Swoopes* involved an aggregate sentence of 42 years, rather than life in
17 prison, there is no longer any basis for distinguishing among non-capital sentences under
18 28 U.S.C. § 2254(c) in light of the 1989 amendments to A.R.S. §§ 12-120.21(A)(1) and
19 13-4031.

20      In sum, the language in *Swoopes* on life sentences was dictum unnecessary for the
21 correct disposition of that case. The subsequent repetition of that dictum as dictum in
22 other cases does not change its character. Nor do any of the dicta undercut the clarity of
23 the pronouncement by the Arizona Supreme Court, together with the 1989 enactments of
24 the Arizona Legislature, that discretionary review in non-capital cases is "unavailable" for
25 purposes of federal habeas exhaustion. Petitioner sufficiently exhausted.

26 **III.  Ineffective Assistance of Appellate Counsel**

27      Petitioner argues alternatively that if he was required to petition for collateral
28 review in the Arizona Supreme Court, his attorney's contrary advice constitutes

- 12 -

1  ineffective assistance of counsel and excuses his failure to do so. The alternative
2  argument will be rejected.

3      "A petitioner may be relieved from a procedural default on a showing of cause and
4  prejudice." *Poland v. Stewart*, 169 F.3d 573 (9th Cir. 1998). However, ineffective
5  assistance of counsel can constitute sufficient cause for procedural default only when it
6  rises to the level of an independent constitutional violation. *Coleman v. Thompson*, 501
7  U.S. 722, 755 (1991). When a petitioner has no constitutional right to counsel, there can
8  be no constitutional violation arising out of the counsel's ineffectiveness. *Id.* at 752.

9      Even if Petitioner had failed to exhaust because of his appellate counsel, there is
10 no constitutional right to effective assistance of counsel in state post-conviction relief
11 proceedings. *Murray v. Giarratano*, 492 U.S. 1, 7-12 (1989); *Pennsylvania v. Finley*, 481
12 U.S. 551, 555 (1987); *Stewart*, 169 F.3d at 587-88; *Bonin v. Vasquez*, 999 F.2d 425, 429-
13 30 (9th Cir. 1993). As a result, appellate counsel's allegedly ineffective assistance could
14 not excuse Petitioner's hypothetical procedural default.

15     It has been argued that a constitutional right to effective assistance of counsel in
16 post-conviction proceedings should be recognized when those proceedings are the first
17 opportunity to vindicate federal constitutional rights. *See Jeffers v. Lewis*, 68 F.3d 295
18 (9th Cir. 1995); 2 R. Hertz & J. Liebman, *Federal Habeas Corpus Practice and*
19 *Procedure* § 26b, at 1208-16 & nn. 36-43 (2001); R. Fallon, D. Meltzer, & D. Shapiro,
20 *Hart and Wechsler's The Federal Courts and the Federal System* 1376-78 (5th ed. 2003).
21 However, that argument has been rejected by the Ninth Circuit. *Jeffers v. Lewis*, 68 F.3d
22 299 (9th Cir. 1995) (en banc) (vacating *Jeffers v. Lewis*, 68 F.3d 295 (9th Cir. 1995)).
23 The court therefore adopts the R&R's holding that Petitioner's claim for ineffective
24 assistance of appellate counsel is unmeritorious.

25 **IV.**    **Ineffective Assistance of Trial Counsel**

26     Having determined that Petitioner's claim of ineffective assistance of his trial
27 counsel was exhausted, the court fully adopts the Magistrate Judge's alternative holding
28 rejecting that claim on its merits.

1    IT IS THEREFORE ORDERED that the Report and Recommendation of Magistrate Judge Anderson (Doc. # 66) is rejected to the extent it recommends dismissal for failure to exhaust available state court remedies and accepted to the extent it recommends denial of the petition on its merits.

    IT IS FURTHER ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 9) is denied. The clerk is directed to enter judgment accordingly and terminate this case.

    DATED this 12th day of April 2007.

_____
Neil V. Wake
United States District Judge

- 14 -

IT IS THEREFORE ORDERED that the Report and Recommendation of Magistrate Judge Anderson (Doc. # 66) is rejected to the extent it recommends dismissal for failure to exhaust available state court remedies and accepted to the extent it recommends denial of the petition on its merits.

IT IS FURTHER ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 9) is denied. The clerk is directed to enter judgment accordingly and terminate this case.

DATED this 12th day of April 2007.

_____
Neil V. Wake
United States District Judge